A. R. McELHINEY, Respondent, v. FRIEDMAN-SHELBY SHOE COMPANY, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs May 9, 1911.
Opinion Filed June 6, 1911.

1. MASTER AND SERVANT: Injury to Servant: Pleading: Sufficiency of Petition. In an action for injuries to a servant, employed in a shoe factory, from defects in a machine on which he was working, the petition *held*, as against objection first made after verdict, to sustain the judgment, although it could have been made more definite in its description of the defective condition of the machine and in its allegations concerning the injury.

2. ————: ————: Sufficiency of Evidence. In an action for injuries to a servant, employed in a shoe factory, from defects in a machine on which he was working, evidence *held* sufficient to sustain a verdict for plaintiff.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict approved by the trial court, so far as concerns the weight of the evidence and the credibility of the witnesses, will not be disturbed on appeal.

4. **MASTER AND SERVANT: Injury to Servant: Appliances and Place to Work: Duty of Master.** An employer is not under the unqualified duty to keep the machines in his factory in a reasonably safe condition for employees, but is only bound to use ordinary care in furnishing a reasonably safe place in which and reasonably safe tools with which to work.

5. **INSTRUCTIONS: Must be Considered as a Whole.** In determining a case, the jury, as well as the appellate court, are to consider all the instructions.

6. **MASTER AND SERVANT: Injury to Servant: Appliances and Place to Work: Duty of Master: Instructions.** In an action by a servant for personal injuries, alleged to have been negligently inflicted, a statement in an instruction that it was the master's duty to keep the machines in his factory in a reasonably safe condition for his employees was not reversible error, although the master was only bound to use ordinary care in furnishing a reasonably safe place in which and reasonable safe tools with which to work, where the same instruction particularly and distinctly informed the jury of the duty of an employer to furnish a safe place to work and that he is liable if he discharges that duty negligently or without the use of ordinary care, and the terms "ordinary care" and "negligence" were distinctly defined in other instructions.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Watts, Dines, Gentry & Lee* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. This was not raised in the lower court, but it was not necessary, since the point can be made for the first time in the appellate court. Cartwright v. Telephone Co., 205 Mo. 126; Davis v. Jacksonville, etc., Line, 126 Mo. 69; Ball v. Neosho, 109 Mo. App. 683. (2) The court erred in overruling the demurrer to the evidence. The doctrine

of *res ipsa loquitur* has no application in a suit by a servant against his master. Beebe, Admr., v. Transit Co., 206 Mo. 419; Railroad v. Fulgham, 181 Fed. 91; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Hester v. Packing Co., 84 Mo. App. 41. Where an injury might have been caused by one of two or more causes, for some of which the master would have been liable, and for some of which he would not have been liable, the demurrer to the evidence should have been sustaind, unless the plaintiff's evidence clearly reveals the fact that the injury was the result of a cause for which the master would be liable. Goransson v. Mfg. Co., 186 Mo. 300; Epperson v. Telegraph Co., 155 Mo. 346; Wood on Master and Servant, sec. 382; Cothson v. Packing Co., 98 Mo. App. 343. (3) Plaintiff's instruction No. 1 is erroneous in three particulars: First, it requires absolutely that the master should keep the machine in a reasonably safe condition. Hach v. Railroad, 117 Mo. App. 11; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Wojtelak v. Coal Co., 188 Mo. 260; McDonald v. Oceanic Steam Co., 143 Fed. 480; Railroad v. Carr, 153 Fed. 106; Cooperage Co. v. Headrick, 159 Fed. 680; Armour & Co. v. Russell, 154 Fed. 614; Hoch v. Railroad, 117 Mo. App. 11. The second objection is that it permits the jury to find that the machine was defective and out of repair when there was no evidence offered that the machine was defective. Railroad v. Fulgham, 181 Fed. 91. The third objection is that it permits a recovery simply because the machine failed to stop when properly treadled. Even if the facts were proven to exist and found to exist, the instruction should have embodied all the necessary elements. Fleishman v. Polar Wave I. & F. Co., 148 Mo. App. 117. A causal connection between negligence and injury must be shown. Harper v. Railroad, 187 Mo. 575.

*J. T. Baker* and *Fry & Rodgers* for respondent.

(1) The petition is good, after verdict and judgment. Bank v. Assurance Co., 106 Mo. App. 124; Oglesby v. Railroad, 150 Mo. 155; Young v. S. H. & H. I. Co., 103 Mo. 327; Darby v. Cabanne, 1 Mo. App. 127; Cobb v. Lindell Ry. Co., 149 Mo. 143; Robinson v. Life Insurance Co., 105 Mo. App. 571; Butts v. Long, 94 Mo. App. 696. (2) There was no error in overruling the demurrer to evidence. The doctrine of *res ipsa loquitur* applies to the facts of this case; and there was much proof of defendant's negligence. Oborn v. Nelson, 141 Mo. App. 428; Tateman v. Railroad, 96 Mo. App. 453; Blanton v. Dodd, 109 Mo. 74; Scheurer v. Rubber Co., 227 Mo. 366; Trent v. Printing Co., 141 Mo. App. 437. (3) General instructions with the beginning, the same as complained of in this case, were approved in the cases of: Gorham v. Railroad, 113 Mo. 409; Houts v. Transit Co., 108 Mo. App. 629; Kelly v. Stewart, 93 Mo. App. 53. (4) The proof was very clear and cogent showing the machine was defective and out of repair. Commission Co. v. Bank, 130 Mo. App. 467; Lamb v. Railroad, 147 Mo. 185.

REYNOLDS, P. J.—This is an action for damages for personal injuries which plaintiff claims he sustained while working in the employ of defendant at its factory in Mexico, Missouri. The machine he was operating is what is known as a "Hercules Leveling Machine," a very lengthy and accurate description of which is set out in the petition and a photographic representation is in the abstract. The machine is used in the manufacture of shoes. We will give the description of the machine and its operation hereafter. It is averred that it was out of repair and in such a dangerous and defective condition that the plaintiff in operating it, lost the thumb of one of his hands, suffered great pain, etc. It is also alleged that

158 App.—21

defendant had actual or constructive notice and knowledge of the defective and dangerous condition of the machine, and that it failed to properly act, in time to have remedied the defect and so have avoided injury to plaintiff, who, it is alleged, was ignorant of the defective and dangerous condition of the machine.

The answer was a general denial. At a trial before the court and a jury there was a verdict for plaintiff for one thousand dollars. From this defendant, interposing its motion for a new trial, which was overruled, has duly perfected its appeal to this court.

There was testimony tending to show that plaintiff, who was 22 years old, had been in the employ of defendant at this work for about 9 months prior to the time he received his injury. He had worked there something like 8 months of that time on another machine of somewhat different construction than the "Hercules" and had worked on the "Hercules" about a month. There was testimony also tending to prove that a screw which was attached to the machine and was used in the regulation of it had frequently become loose and that when this occurred, as well as when oil had accumulated on the runner over which the last moved, this "kicking back" of the last and form would occur, and that the attention of defendant's foreman had been called to the fact that the machine was defective and did not move properly some time before the accident happened and he was aware of the liability of the last and form to "kick back," but that he told plaintiff it was all right for him to keep at work with it, that he would see to having the defect remedied.

At the instance of plaintiff the court gave two instructions. The first is as follows:

"The court instructs the jury that it was the duty of the defendant to keep its leveling machines in its factory at Mexico, in a reasonably safe condition for its employees who worked at such machines.

McElhiney v. Shoe Co.

If, therefore, the jury believe from the evidence in the case that at the time plaintiff was injured he was in the employ of the defendant as an operator of one of its leveling machines, in defendant's factory at Mexico, and that it was his duty to put shoes on an iron last and put said machine in motion by pressing a treadle with his foot, and that when said shoe was sufficiently pressed between said iron lasts and the iron form above it, he was to press another treadle with his foot and said iron last should stop when it had finished its outward stroke and that while plaintiff was working at said leveling machine, on or about the 15th day of September, 1909, said machine was, by reason of the negligence of defendant, if you believe from the evidence that defendant was negligent, so defective and out of repair that at times said iron last and the form above it on the right hand side of said machine, when put in motion by pressing a treadle, would not stop when said machine was properly treadled to stop them, but would continue their motion, and that defendant or its foreman in charge of its leveling machines and those operating them, knew or by the exercise of ordinary care might have known of the defective condition of said machine, if you believe from the evidence it was defective and dangerous, in time to have repaired said machine and thereby avoided plaintiff's injury; and if you further believe that plaintiff put a shoe on the iron last on the right hand side of said machine and put said last and the iron form above it in motion by pressing a treadle on said machine, and that when said shoe was sufficiently pressed that plaintiff again pressed a treadle in the proper way to stop said last so he could take said shoe off of it, and that when said last came to the position at which it usually stopped when said machine was treadled for the purpose of stopping said shoe in the usual way and that said last failed to stop, but continued its motion and full backward stroke, and

that by reason thereof plaintiff's thumb was caught between said shoe and the iron form above it and was thereby mashed, crushed or injured, then your verdict must be for the plaintiff.''

The second instruction was as to the measure of damages and no objection is made to it.

At the instance of defendant the court gave eight instructions. The first was to the effect that if the jury found that the machine on which plaintiff was injured was in a defective condition and that fact was known to defendant prior to plaintiff's injury; that if they further found that for a day or two prior to his injury plaintiff himself knew that the machine would cause a shoe placed on it to jump back and would not stop where it should stop when he treadled it, and knew it would jump back so far that the shoe could not be removed from it and if they found that if plaintiff knew or by the exercise of ordinary care would have known that on account of that action of the machine it was not reasonably safe for him to place his thumb over the shoe which was in it and try to remove it while the machine was in motion, and notwithstanding these facts plaintiff placed his thumb over a shoe and attempted to remove it while the machine was in motion and was thereby injured, and if they found that the danger of so placing his thumb under the circumstances was so apparent that a reasonably prudent person of plaintiff's age and experience would not have done so, plaintiff could not recover. The second and third instructions were as to the credibility of the witnesses and are in the usual and approved form. The fourth told the jury that if they found that the machine on which plaintiff was injured was in a reasonably safe condition at the time of his injury, plaintiff was not entitled to recover. The fifth told the jury that defendant could not under any circumstances be held liable in this case for an injury to plaintiff's thumb resulting from any act of a witness named. (The

foundation for this latter instruction was testimony tending to show that after plaintiff had been injured and his thumb was in process of being healed, he was scuffling on the premises with one of his fellow workmen, he having been retained in the employ and pay of defendant after the accident, and that in this manner the thumb was again injured and amputation rendered necessary, not from the original hurt but from this subsequent occurrence.)    The fifth instruction given at the instance of defendant told the jury that the mere fact that the leveler machine referred to was at the time of plaintiff's injury and prior thereto in such condition that it would sometimes "kick back" did not entitle plaintiff to recover even if that fact was would have done."

The seventh instruction is as follows:

"By ordinary care, as used in these instructions, is meant that degree of care which would be used by a person of ordinary prudence under like or similar circumstances."

The eight instruction is as follows:

"Negligence as used in these instructions, means that the party guilty thereof has done something which a reasonably prudent man, under the circumstances, would not have done, or failed to do something which a reasonably prudent man under the circumstances, would have done."

Of its own motion the court gave instructions as to the form of the verdict and the number of jurors necessary to concur in reaching a verdict.    These as well as the two given at the instance of plaintiff were excepted to by defendant.

Appellant assigns three errors here:    First, that the petetion does not state facts sufficient to constitute a cause of action against defendant; second, that the court erred in overruling the demurrer to the evidence; third, that the court gave an improper instruction at the request of plaintiff.

Disposing of these assignments of error in their order, it is sufficient to say as to the first, that no objection whatever was interposed in the trial court, either before the trial, during its progress or at the close of the trial by motion in arrest, to the petition. We have read it in the light of the objections made to it by the learned counsel for appellant, and while it may be conceded that it could have been made more definite in its description of the defective condition of the machine and in its allegations concerning the injury, and while it is true that the petition does not in so many words charge that the backward and forward movement of the iron last and form which caught the plaintiff's thumb was caused by the alleged defective or dangerous condition of the machine or by any specifically negligent act on the part of the defendant, we think it is sufficiently definite in its averments to sustain the judgment. The petition does specifically and in great detail describe the mechanism of the leveling machine and its mode of operation; that it was put in motion and stopped by the operator pressing a treadle on it with his foot; that when the machine was in motion the form and iron last were worked or rocked back and forth in such a way that the form came in contact with and placed a pressure of great weight upon the sole of the shoe placed upon the iron last; that when the machine stopped there was sufficient space between the form and the last to allow the operator to place on or take a shoe off of the iron last, and that it was the duty of plaintiff in operating the machine, when it was at rest, to place a shoe on the last with the sole of the shoe turned upward and the toe pointing outward, then press a treadle with his foot, by reason of which the machine would be put in motion, whereupon the iron arm with the shoe on the last and the arm with the iron form attached would move or rock back and forth so as to apply great pressure upon the sole of the shoe, and that when the shoe had been

sufficiently pressed plaintiff would press a treadle with his foot, when the machine would stop and he would reach with his hand and take hold of the shoe, remove it from the last, place another shoe thereon and again start the machine in motion. After these very clear statements of the operation of the machine, the petition charges that on the day of the accident and while plaintiff was operating the machine, it was, by reason of the carelessness and negligence of defendant, so out of repair and in such a dangerous and defective condition that the iron lasts and form above it on the right hand side of the machine, when put in motion by plaintiff by pressing on the treadle as before stated, would at times fail to stop when pressure was applied upon the treadle by plaintiff but would continue their motions backward and forward, applying a heavy pressure upon the shoe in the iron last as before stated; and it is set out in the petition that by reason of this "back kick," as it is called and failure to stop when it should have done so, that the accident occurred. That is to say, plaintiff, assuming that it would stop when he put on the treadle, undertook to take off the shoe from the last but that by reason of the defectiveness in the machine it kept on in its motion and caught his thumb in between the form and the last. This is certainly sufficient, after verdict and judgment, to sustain the judgment, so that this first assignment of error is untenable.

The second proposition, that there was no evidence to sustain the verdict is equally untenable. Without setting it out, it is sufficient to say that there was evidence tending to show that this machine was defective in the way it operated; to prove, in fact, all the averments of the petition. Whether the defect which occasioned the injury was from a loose screw or from an accumulation of oil on the runway or gearing, is not so material; the gravamen of the charge is lack of reasonable care in furnishing a reasonably

safe piece of machinery; negligence in not taking care to see that the machinery was reasonably safe. That the injury happened by reason of this back kick or motion of the machine is fairly well established by the evidence; as to what particular defect in the machinery caused it to do that is not so material. There was evidence tending to show that the machinery was defective in its operation and that the foreman, who was the representative of defendant in this matter, knew of its liability to back kick and render dangerous any attempt to remove the shoe in the usual manner and that he knew this in time to have remedied the defect or to have ceased operation of the machine until the defect was remedied. The facts connected with the handling of this machine and of the accident were before the jury, and the evidence as to the knowledge of the defendant of the exact working of this machine was before the jury, and their verdict, approved by the trial court, so far as concerns its weight and the credibility of witnesses, is beyond interference by us. We cannot say there was no evidence to sustain the averments of the petition and warranting the jury in arriving at the verdict reached by it.

The third assignment of error is untenable. It is true that the first instruction given at the instance of plaintiff starts out with an incorrect proposition. It is not the law that it was the unqualified duty of defendant to keep its leveling machines in its factory at Mexico in a reasonably safe condition for its employees who worked at such machines. The employer is not an insurer, either against defective machinery or accidents. The whole duty of defendant toward plaintiff and its employees was to use ordinary care in furnishing a reasonably safe place in which, and reasonably safe tools with which, to work. If this clause of the instruction had stood alone it would have been reversible error to have given it. But that was not so, either as to this instruction, or when the in-

structions given at the instance of defendant are considered. And in determining a cause, the jury, as well as this court, are to consider all the instructions. As will be seen by a reading of the body of this first instruction, it particularly and distinctly informs the jury of the duty of the employer to furnish a place to work and machinery with which to work, and that he is liable if he discharges that duty negligently or without the use of ordinary care. It is true that this particular instruction does not in itself define what should constitute actionable negligence or carelessness on the part of defendant, but ordinary care and negligence are distinctly defined to the jury by the seventh and eighth instructions given at the instance of defendant. Moreover, in Gorham v. The Kansas & Southern Ry. Co., 113 Mo. 408, 20 S. W. 1060, the first instruction there given at the instance of the plaintiff commenced in almost the identical words used in this first instruction. Like this first instruction here, the body of the one there given correctly instructed as to the duty of the defendant toward its employees. That instruction, as a whole, was approved by the Supreme Court. Our Supreme Court distinctly recognizing the rule of liability of the employees here contended for by learned counsel for defendant, did not consider the use of those words at the beginning of the instruction harmful or reversible error when all of that instruction and the other instructions in the case were considered, for it affirmed the judgment for the plaintiff there. The same ruling was made in Bradley v. Chicago, M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763. In that case at page 307, Judge MACFARLANE, who delivered the opinion of the court, calls attention to the fact that the first instruction is criticised in that it tells the jury that it was the duty of defendant "to use ordinary care and diligence to provide him (plaintiff) a safe place to work." Judge MACFARLANE says that from what has been said in the preceding portion of

his opinion, the duty of defendant is here too broadly stated; that this occurred in the very beginning of the instruction, and that the Supreme Court "has often condemned the instruction of juries by abstract propositions of law," but, concludes that learned judge, "the subsequent part of the instruction, points out the facts which would create liability as follows." Quoting the remainder of the instruction, he holds that this latter part of the instruction explains, qualifies and renders harmless what precedes it. We think this decision is distinctly applicable to the instruction now before us and is controlling here. We find no reversible error, to the prejudice of defendant. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

